Wilde J.
delivered the opinion of the Court. We think it very clear that the defendant’s pleas in this case cannot be sustained, and that the replication by way of estoppel is good.
These pleas would have been good answers to the original complaint in 1814.[2] But it having been settled and adjudged on that complaint, that the complainant was entitled to damages, the defendant cannot now be allowed to aver any thing inconsistent with that adjudication ; otherwise there would be no end to controversies.
Nor can the defendant plead, that since the judgment in the former process the complainant has sustained no damage, or no increased damage ; because the statute provides, that after the yearly damages shall have been ascertained by verdict and judgment thereon, the same shall be the measure of the yearly damages until the owner or occupant of the mill or the owner oi occupant of the land flowed, shall, on a new complaint, ob *348 tain an increase or decrease of the damages.[1] And the question, whether the damages so ascertained shall be increased or decreased, cannot he determined by a trial at the bar of this Court, but by a jury to be summoned by the sheriff in the manner directed by the statute.
The damages in this case were ascertained by referees mutually chosen by the parties ; but their report is equivalent to a verdict, and judgment thereon is as binding as a judgment on the verdict of a jury. [2]

Replication adjudged good.

 It is now provided that the respondent shall not plead in bar of the complaint, that the lana therein described is not injured by the dam. Revised Stat. c. 116, § 8.

 See Revised Stat. c. 116, § 33.

 See Gascoyne v. Edwards, 1 Younge & Jerv. 19; Allen v. Milner, 2 Crompt. & Jerv. 53.